| | |
|---|---|
| 1 | Kris S. LeFan (SBN 278611) |
| | *kris@lefanlaw.com* |
| 2 | Katrina V. Novak (SBN 290229) |
| | *katrina@lefanlaw.com* |
| 3 | Law Offices of Kris Le Fan |
| | 433 North Camden Drive, Sixth Floor |
| 4 | Beverly Hills, California  90210 |
| | Telephone:  (213) 290-1091 |
| 5 | Facsimile:   (310) 279-5101 |
| 6 | Attorneys for Plaintiff, SONIC INDUSTRY, LLC |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONIC INDUSTRY, LLC, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| PATELCO CREDIT UNION, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

1
COMPLAINT FOR PATENT INFRINGEMENT

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sonic Industry, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Patelco Credit Union ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,954,793 entitled "*Remote Limit-Setting Information System*" (the "'793 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '793 patent with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 3422 Old Capital Trail, PMB (STE) 1549, Wilmington, Delaware 19808-6192. Plaintiff is the exclusive licensee of the '793 patent with respect to the Defendant, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 5050 Hopyard Rd, Pleasanton, CA 94588.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of California and the Northern District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Northern District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly conducts business within

the State of California and within the Northern District of California; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California and in the Northern District of California.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page: http://www.patelco.org) its products and services in the United States, the State of California, and the Northern District of California. Upon information and belief, Defendant has committed patent infringement in the State of California and in the Northern District of California, has contributed to patent infringement in the State of California and in the Northern District of California, and/or has induced others to commit patent infringement in the State of California and in the Northern District of California. Defendant solicits customers in the State of California and in the Northern District of California. Defendant has paying customers who are residents of the State of California and the Northern District of California and who use the Defendant's products and services in the State of California and in the Northern District of California.

7. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I – PATENT INFRINGEMENT

8. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '793 patent was duly and legally issued by the United States Patent and Trademark Office on September 21, 1999, after full and fair examination, for systems and methods for setting limits on a remote information system. Plaintiff is the exclusive licensee of the '793 patent with respect to the Defendant, and possesses all rights of recovery under the '793 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

10. Plaintiff is informed and believes that Defendant owns, operates, advertises, controls, sells, and otherwise provides hardware and software that infringes the '793, which

provides a method for remotely setting limits on an information distribution system including a remote processing device for being connected to a host computer by a communications channel, said method comprising the steps of: entering selection and limit parameters at the remote processing device; verifying the selection and limit parameters at the remote processing device prior to establishing said communications channel; if the selection and limit parameters are verified at the remote processing device, establishing said communications channel and transferring said selection and limit parameters from the remote processing device to the host computer by the communication channel; storing said selection and limit parameters in a memory of the host computer; transmitting inbound information directly from at least one information source, through a communications link, to said host computer, said information source being outside said host computer and said processing device; extracting, only in said host computer, extracted information from said inbound information in response to said selection and limit parameters, said extracted information including only those portions of inbound information which satisfy said selection and limit parameters; and distributing a non-interactive paging message from the host computer to the remote processing device, said paging message including, of said inbound information transmitted to said host computer, only said extracted information.

11. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server.   More particularly, Plaintiff is informed and believes that Defendant sells and/or requires and/or directs users to access and/or use a software system on a remote device to enter and verify selection and limit parameters for online banking prior to transmitting the parameters to a host computer for processing, in a manner claimed in the '793 patent.  Defendant infringes the '793 patent by Defendant providing the Patelco Credit Union Software that practices a method for remotely setting limits on an information distribution system.

12. Defendant infringes '793 patent by providing customers a variety of tools and

4
COMPLAINT FOR PATENT INFRINGEMENT

systems designed to manage and facilitate interacting with their bank accounts, including an alert system providing users with messages when conditions change. The remote processing device corresponds to a user's desktop computer, laptop, smart phone, tablet, or any other portable device interacting with the Patelco Credit Union Software. The host computer is the Patelco Credit Union server feeding customer information to the remote processing device, and the communications channel is the data transfer channel that ferries information between the host computer and portable device. Selection and limit parameters refer to classifications that the customer may monitor and receive alerts related to those classifications.  Selection limits correspond to the appropriate account. The limit parameters correspond to the values corresponding to whether an alert should be generated. This alert generation capability is accessible through the Patelco Credit Union software present on a user's computer (the remote processing device). The customer enters selection and limit parameters for generating an alert. These parameters are verified when the user selects "Save".

13. After selection and limit parameters are established, the customer's computer, the remote processing device, based on information and belief, sends this data to the Patelco Credit Union servers, the host computer, over the data transfer channel, the communication channel. Based on information and belief, once the parameter data is transferred from the remote processing device to the host computer, that data is stored in memory.  The Defendant infringes the '793 patent when the inbound information corresponds to financial data that the host computer aggregates for access by the customer.  For the information to go between the inbound information source and the host computer, a communications link is established. These inbound information sources are outside both Defendant's servers handling customer requests, the host computer, and the customer's computer, the remote processing device. Based on information and belief, the host computer, after receiving the parameter data from the remote processing device, extracts the relevant information from the inbound information source and delivers only that information as an alert to the user.  This infringement of the '793 patent occurs when a customer's account goes below a threshold and an alert is generated to the customer's remote processing

device, computer and/or smart phone.

14. While the Defendant's server is receiving information about many accounts, when it receives information indicating that a customer's specific account has gone below a specific threshold, the Defendant's server generates an alert for delivery to the customer's computer, alerting the customer about the movement of said account, but not about the movement of any other accounts, such as money markets, mortgages, certificates of deposits or savings. Based on information and belief, the host computer, after receiving the parameter data from the remote processing device, extracts the relevant information from the inbound information source and delivers only that information as an alert to the customer.

15. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's exclusive rights under the '793 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

    A. An adjudication that one or more claims of the '793 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by

others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '793 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: November 29, 2013

Respectfully submitted,
**LAW OFFICES OF KRIS LE FAN**

_/s/ Kris Le Fan_
Kris S. Le Fan
Attorney for Plaintiff
**SONIC INDUSTRY, LLC**